FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN   2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT BALLARD,

                Plaintiff,

    - against -

RICHARD POINDEXTER,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-1463 (SLT) (LB)

**TOWNES, United States District Judge:**

Vincent Ballard ("Plaintiff"), a professional musician, commenced this *pro se* trademark infringement action on April 1, 2010, alleging that Richard Poindexter ("Defendant"), also a professional musician, had been infringing on Plaintiff's federal registered trademark, "The Persuaders," by performing and advertising Defendant's music under names that are derivatives of the registered trademark. *See* Docket No. 1 (complaint). At a telephone status conference held on April 28, 2011 before Magistrate Judge Lois Bloom, the parties agreed to settle the instant action. *See* Docket No. 16. Accordingly, on June 13, 2011, Plaintiff filed a settlement agreement that had been signed by both parties. *See* Docket No. 20-2 (settlement agreement). The terms of the New York law-governed settlement agreement require that Defendant immediately cease and desist from using Plaintiff's trademark in any medium or form. *See id.*

By letter dated August 9, 2011, Plaintiff informed Judge Bloom that Defendant and his vocal group continued to perform under and use Plaintiff's trademark and had thereby violated the terms of the settlement agreement. *See* Docket No. 21. In light of Defendant's failure to comply, Plaintiff requested that the settlement agreement be set aside. *See id.*

Finding that none of the conditions for or scenarios in favor of setting aside a settlement agreement, as provided under New York law, had been satisfied, Judge Bloom issued a report and recommendation (the "Report and Recommendation") on December 5, 2011, recommending

the denial of Plaintiff's motion and attendant dismissal of the action, as the execution of the settlement agreement had concluded the litigation. *See* Docket No. 27. By letter dated December 19, 2011, Plaintiff indicated that he had made a decision not to object to the Report and Recommendation. *See* Docket No. 30.

A district court is not required to review a report and recommendation prepared by a magistrate judge or the legal and factual conclusions contained in the report and recommendation if no objections thereto have been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections have been filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, having reviewed the record in the instant case and finding no clear error, the Court adopts the Report and Recommendation in its entirety pursuant to 28 U.S.C. § 636(b)(1) and denies Plaintiff's August 9, 2011 motion to set aside the settlement agreement. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

s/ SLT

SANDRA L. TOWNES
United States District Judge

Dated: Nov. 29, 2011
Brooklyn, New York

2